Chief Justice Robertson
delivered the Opinion of the Court.
Cayton was recognised to keep the peace, and to appear on the first day of the circuit “ court” next succeeding the date of his recognisance. In consequence of the non-attendance of the judge, no court was held *139 at the term first succeeding the date of the recognisance. But, the judge attending at the next term, the attorney for the commonwealth made a motion, on the first day of that term, that the court would direct tire sheriff to call Cayton, so that, if he should not appear, a default might be entered. The court overruled the motion, and “ ordered all proceedings upon the recognisance to be dismissed.” And, therefore, the commonwealth prosecutes this writ of error..
A recognisance was forfeited by the failure of the principal to appear in couit according to the condition ; but, asthe court next after the recognisance, was not hold at the time fixed by law, the judge considered the cognisor exonerated, and dismissed all proceedings on the recognisance . -— this was erroneous, and the order ofno effect. But as the cognisor was liable for the breach, if any, and not bound to appear-at any time after that — a reversal of the order would be-in vain, and tile writ of error is therefore dismissed.
By his recognisance, rightly understood, Cayton undertook to appear in court on the first day of the first court that should be held ; and, therefore, not having been exonerated by the non-attendance of the judge at the first term, it was his duty to appear on the day ©n which the motion was made by the attorney for the commonwealth ; for that was the first day of the first court succeeding the date of his recognisance. But, if there could be any serious doubt as to the correctness of this interpretation of the condition of the recognisance, the ninth section of an act of 1798, 1 Dig. 370, should be deemed sufficient to shew that, by operation of law, the time for appearance was postponed. The recognisance was “ a matter depending in court.”
The order dismissing “ all proceedings upon the recognisance” is unmeaning, and informal. We presume, however, that the circuit judge intended by it, to declare that Cayton was exonerated from appearing then, or thereafter, in court, upon his recognisance. In that the court erred. But, as Cayton cannot be guilty of a breach of the condition by failing to appear in court at any subsequent term, and could not comply with that condition by any subsequent appearance ; but has been already guilty of a breach, or not guilty, according to the facts which have occurred, there is nothing in the orders of the circuit court, the reversal of which can benefit the commonwealth.
Wherefore, the writ of error must be dismissed.